## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan M. Doran and Robert B. Doran,<br><br>             Plaintiffs,<br><br>v.<br><br>Selene Finance, LP and RMOF REO<br>Acquisition, LLC,<br><br>             Defendants. | Case No. 12-cv-886 (SRN/FLN)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jeffrey R. Vesel, Jeffrey R. Vesel Law Firm, 920 Sunrise Avenue, Stillwater, MN 55082, for Plaintiffs.

Kevin T. Dobie and Paul A. Weingarden, Usset, Weingarden & Liebo, PLLP, 4500 Park Glen Road Street 300, Minneapolis, MN 55416, for Defendants Selene Finance LP and RMOF REO Acquisition, LLC.

Charles F. Webber and Erin L Hoffman, Faegre Baker Daniels LLP, 90 South Seventh Street Suite 2200, Minneapolis, MN 55402 for former Defendant Wells Fargo Bank, N.A.

SUSAN RICHARD NELSON, United States District Judge

      This matter came before the Court on Plaintiffs Susan and Robert Doran's Objection to the Magistrate Judge's May 2, 2012 Order Denying their Motion to Amend As To Wells Fargo and Defendants Selene Finance, LP ("Selene Finance") and Selene RMOF REO Acquisition, LLC's ("RMOF REO") Motion for Judgment on the Pleadings or Alternatively Summary Judgment.  (Doc. Nos. 21, 29.)  For the reasons that follow, Plaintiffs' Objection to the Magistrate Judge's Order is overruled and Defendants' Motion for Judgment on the Pleadings is granted.

1

## I.   BACKGROUND

Plaintiffs purchased a home in Plymouth, Minnesota in June 2007 by executing a promissory note and a mortgage in favor of Great Northern Financial Group, Inc. ("Great Northern"). (Am. Compl., Doc. No. 19, ¶¶ 1, 4.) The note and mortgage were later assigned to Wells Fargo, Selene Finance, and RMOF REO. (Id. ¶¶ 7–9.) When Wells Fargo held the note and the mortgage in 2009, Plaintiffs entered into a Trial Payment Plan ("TPP") with the bank under the Home Affordable Modification Program ("HAMP"). (Doc. No. 9, App. 1, 5.) The TPP stated that it was "not a modification of the Loan Documents" and that the "Loan Documents would not be modified unless and until (i) [The Plaintiffs] meet all of the conditions required for modification, (ii) [the Plaintiffs] receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed." (Id. at App. 5.) Plaintiffs also agreed in the TPP that Wells Fargo would "not be obligated or bound to make any modification of the Loan Documents if" it determined that Plaintiffs did not qualify or failed to meet any of the requirements under this TPP. (Id.) The TPP indicated that the trial payments would be $3,179.71 per month from December to February 2010. (Id. at App. 3.) Plaintiffs allege that they made the required payments but were denied a permanent modification by Wells Fargo. (See Am. Compl. ¶ 13.)

After the mortgage and note were assigned to Selene Finance, Plaintiffs sent that company a letter in February 2011 regarding their loan. (Am. Compl. ¶ 18.) Plaintiffs allege that Selene Finance did not respond to their letter in a timely manner. (Id. ¶ 19.) The Plaintiffs' property was later sold on June 30, 2011 at a foreclosure sale. (Id. ¶ 17.)

Plaintiffs joined a number of other individuals in suing Wells Fargo, Selene Finance,

RMOF REO, and other defendants in Minnesota state court alleging 21 causes of action. (See D. Minn. Civ. No. 11-1703, Doc. No. 1-1.)  Wells Fargo removed the case to federal court, but it was dismissed without prejudice after the Plaintiffs filed a Notice of Voluntary Dismissal.  (Id., Doc. Nos. 1, 11–12.)

On August 1, 2011, Plaintiffs, along with other individuals, filed another case in Minnesota state court against the same defendants alleging 19 causes of actions.  (See D. Minn. Civ. No. 11-2496, Doc. No. 1-1.)  The defendants again removed the case to federal court and Wells Fargo moved to dismiss the complaint.  (Id., Doc. Nos. 6, 1.)  The complaint was subsequently amended to assert a claim to quiet title.  (Id., Doc. No. 18). Plaintiffs then moved again for leave to file an amended complaint, but before a decision on that motion, they retained new counsel and moved again to amend their complaint.  (Id., Doc. No. 47.)  Plaintiffs sought to assert that they had contacted Wells Fargo to obtain a loan modification, that Wells Fargo had "approved a standard HAMP modification agreement requiring that [they] make three consecutive on-time payments," and that Wells Fargo had "breached the modification after the Plaintiffs satisfied the trial period."  (Id., Doc. No. 39.)  They further sought to assert that they had "sent a Qualified Written Request ('QWR') on February 7, 2011" but that the defendants had "failed to respond in a timely manner and failed to produce the documents requested."  (Id.)

Plaintiffs requested that the Court enter an order staying the foreclosure of their home and ordering the defendants to honor the modification agreement under Minnesota Statute § 555.02.  (Id. ¶ 30.)  They also asserted a claim under Minnesota Statutes §§ 58.13 and 58.18, alleging that Wells Fargo was liable under state law for its failure to provide

them a loan modification.  (Id. ¶¶ 31–35.)  They also sought to bring a claim under the Real

Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 8(a)–(b), 2605(e), alleging that

the Defendants were liable for failing to timely respond to the QWR and seeking "monetary

damages . . . in an amount to be determined by the Court."  (Id. ¶¶ 36–39.)  They finally

sought to assert a breach of contract claim.  (Id. ¶¶ 40–43.)

        The Magistrate Judge severed Plaintiffs from the case in April 2012.  (See D. Minn.

Civ. No. 12-886, Doc. No. 1).  The Magistrate Judge then granted the Plaintiffs' motion to

amend in part.  (Doc. No. 18.)  First, the Magistrate Judge concluded that the Plaintiffs

could not assert a breach of contract claim against Wells Fargo for the failure to offer them a

permanent loan modification because the TPP was not a contract that could have been

breached.  (Id. at pp. 2–3.)  Second, the Plaintiffs could not assert a claim under Minnesota

Statute § 58.18 because Wells Fargo is a federally chartered bank and therefore no remedy

exists under the statute.  (Id. at p. 3.)  The Magistrate Judge also dismissed the Plaintiffs'

separate claim for declaratory relief because it "is a remedy, not a separate cause of action."

(Id. at p. 4.)  While the Plaintiffs had not stated a claim under RESPA against Wells Fargo,

the Magistrate Judge found that they could bring a RESPA claim against Selene Finance for

allegedly not responding to the Plaintiffs' February 2011 QWR because Plaintiffs'

complaint alleged "that Selene Financial [sic] owned the note and mortgage at the time the

February 2011 QWR was sent, and counsel for Selene Financial [sic] represented . . . that it

serviced the loan during the period in question."  (Id. at p. 3–4.)  The Magistrate Judge also

noted that the complaint did not allege any facts implicating any of the remaining

defendants.  (Id. at p. 5.)

Plaintiffs then filed an Amended Complaint against Selene Finance and RMOF REO, alleging that Selene Finance had failed to respond timely to the February 2011 QWR and failed to produce documents as required by federal law.  (Am. Compl. ¶¶ 18–19.) Plaintiffs sought "monetary damages . . . in an amount to be determined by the Court."  (Id. at p. 4.)  Plaintiffs also objected to the Magistrate Judge's denial of permission to amend their complaint as to their claim against Wells Fargo for its alleged violation of Minnesota Statute §§ 58.13 and 58.18.  (Doc. No. 21.)  They argued that they could assert a claim against Wells Fargo under those statutory sections because Wells Fargo had not originated their loan.  (Id.)

Selene Finance and RMOF REO then moved to dismiss Plaintiffs' amended complaint or alternatively for summary judgment, arguing that they could not sustain their RESPA claim because they failed to plead actual damages and their February 2011 letter did not qualify as a QWR.  (Doc. Nos. 29, 31.)  Selene Finance also asserted that it had adequately responded to Plaintiffs' February 2011 letter.  (Doc. No. 31.)  RMOF REO stated that any claims brought against it were improper because the Magistrate Judge had dismissed it.  (Id.)

## II.   DISCUSSION

### A.   Plaintiffs' Objection to the Magistrate Judge's Order

Plaintiffs object to the Magistrate Judge's Order, arguing that the Magistrate Judge erred in denying their request to file an amended complaint against Wells Fargo under the Minnesota Residential Mortgage Act, Minn. Stat. § 58.13.  (Doc. No. 21.)  A magistrate judge's ruling on a nondispositive pretrial matter may be reversed only if it is "clearly

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Chase v. Comm'r</u>, 926 F.2d 737, 740 (8th Cir. 1991) (quoting <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" when it fails to apply relevant statutes, case law, or rules of procedure. <u>Edeh v. Midland Credit Mgmt., Inc.</u>, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010) (citation omitted).

The Court may grant leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend, however, is properly denied when the proposed amendment would be futile. <u>Zutz v. Nelson</u>, 601 F.3d 842, 850–52 (8th Cir. 2010). A proposed amendment is futile when "the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." <u>Id.</u> (citation omitted).

Minn. Stat. § 58.13, subd.1(a)(9) prohibits a mortgage servicer from making "any false, deceptive, or misleading statement or representation in connection with a residential loan transaction . . . ." The Minnesota Legislature included a private right of action for borrowers "injured by a violation of the standards, duties, prohibitions, or requirements" of Minn. Stat. 58.13. <u>See</u> Minn. Stat. § 58.18. According to Minn. Stat. § 58.18, borrowers are entitled to receive actual damages for violations of Minn. Stat. § 58.13.

Plaintiffs' proposed amended complaint generally alleges that unnamed Wells Fargo employees made representations that were false, deceptive, or misleading under Minn. Stat. § 58.13. (Doc. No. 4-1 ¶¶ 31–35.) Plaintiffs have clarified in subsequent briefing that

their claim is based on Minn. Stat. § 58.13, subd. 1(a)(9).  (Objection, Doc. No. 21, p. 1.)

Plaintiffs argue that the Wells Fargo employees told them orally that they could "remain

current [on their mortgage] if they made payments on the trial modification as promised."

(Id.)  Plaintiffs do not allege that any such representation was ever made in writing to them.

Allegations of false, deceptive, or misleading statements under Minn. Stat. § 58.13,

subd. 1(a)(9) are considered to be allegations of fraud and must be plead with particularity

under Federal Rule of Civil Procedure 9(b).  See Weller v. Accredited Home Lenders, Inc.,

No. 08-2798, 2009 WL 928522, at *6 (D. Minn. Mar. 31, 2009).  To satisfy this heightened

pleading requirement, plaintiffs must set forth the "who, what, when, where, and how" of an

alleged misrepresentation.  United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d

552, 556 (8th Cir. 2006).  A broad allegation by plaintiffs that a bank promised to modify

their loan does not give the bank notice of the time, place, or manner in which the supposed

misrepresentations took place such that it can prepare a defense.  Sykora v. Chase Home

Finance, LLC, No. 12-775, 2012 WL 2979142, at *2 (D. Minn. July 20, 2012).

Misrepresentation claims under Minnesota law require some reliance on the part of the

person claiming to be injured.  Hoyt Props., Inc. v. Prod. Res. Grp., LLC, 736 N.W.2d 313,

318 (Minn. 2007).

Plaintiffs fail to state a claim under Minn. Stat. 58.13, subd. 1(a)(9) because they did

not allege that they detrimentally relied on any false, deceptive, or misleading statement

made by Wells Fargo employees.  Plaintiffs do not identify when or where the alleged

misleading statements were made.  Plaintiffs also do not allege any facts demonstrating

reliance on the alleged oral representations.  Any alleged reliance by Plaintiffs would be

unreasonable given that Plaintiffs specifically agreed that even if they complied with the terms of the TPP, Wells Fargo was not required to modify their loan.  (Doc. No. 9, App. 5); see also, Carlson v. Bank of America, N.A., No. 12-1440, 2012 WL 5519733, at *4 (D. Minn. Nov. 14, 2012).  Indeed, under Minnesota law, oral statements made in relation to credit agreements are not enforceable.  Minn. Stat. § 513.33 ("A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.").  Moreover, Plaintiffs were contractually obligated to make mortgage payments to Wells Fargo and the payments Plaintiffs claim to have made under the TPP could not qualify as detrimental reliance because they were less than the monthly mortgage payments they were obligated to pay.  See Winkler v. GMAC Mortgage, LLC, No. 12-cv-46, 2012 WL 1883916, at *6–7 (D. Minn. May 22, 2012).

Plaintiffs also failed to allege any actual damages against Wells Fargo for violations of Minn. Stat. § 58.13, subd. 1(a)(9).  "The inclusion of actual damages as the first available remedy [under Minn. Stat. § 58.18] implies that an element of a claim under § 58.13 is damages."  Winkler, 2012 WL 1883916, at *4.  Plaintiffs' proposed amended complaint does not contain allegations of actual damages.  It merely states that Plaintiffs seek "monetary damages to be awarded to the Plaintiff [sic] in an amount to be determined by the Court."  (Doc. No. 4-1.)  Plaintiffs cannot prove any actual damages because the TPP provided to Plaintiffs by Wells Fargo stated that it was "not a modification of the Loan Documents" and that the loan would not be modified unless Plaintiffs satisfied all the terms of the TPP.  (Doc. No. 9, App. 5.)  Plaintiffs agreed that even if they complied with the

TPP's terms, Wells Fargo was not required to modify the loan if it determined that Plaintiffs

did not meet one of the requirements of the TPP.  (Id.)  Accordingly, the Court determines

that the Magistrate Judge properly concluded that Plaintiffs' proposed amended complaint

alleging violations of Minn. Stat. § 58.13, subd. 1(a)(9) against Wells Fargo was futile.

Plaintiffs' objection is therefore overruled.[1]

### B.   Selene Finance and RMOF REO's Motion for Judgment on the Pleadings

Defendants Selene Finance and RMOF REO[2] move for Judgment on the Pleadings

on Plaintiffs' claim that they violated RESPA.  (Doc. No. 29.)  A court should grant

judgment on the pleadings only if the moving party clearly establishes that there are no

material issues of fact and that it is entitled to judgment as a matter of law.  Porous Media

Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).  A court evaluates a motion for

---

[1]     The Magistrate Judge determined that Plaintiffs' proposed amended complaint was futile because Plaintiffs lack a remedy under Minn. Stat. § 58.18, subd. 4 and that Plaintiffs' claims under the Minnesota Residential Mortgage Act may be preempted by the National Bank Act.  The Court need not address whether the Magistrate Judge correctly determined these issues because Plaintiffs failed to plead a cause of action under Minn. Stat. § 58.13.  Additionally, Plaintiffs request in their objection to the Magistrate Judge's Order for the first time that the Court allow them to amend their complaint to state a claim for promissory estoppel and part performance.  The Court determines that such request is futile because the TPP was not a promise to modify their loan and Plaintiffs cannot demonstrate any detrimental reliance.  See Bohnhoff v. Wells Fargo Bank N.A., 853 F. Supp. 2d 849, 857 (D. Minn. 2012) (dismissing a promissory estoppel claim because "the TPP was not a promise" and Plaintiffs failed to plead facts that "support a finding of detrimental reliance.").

[2]     Plaintiffs' Amended Complaint lists RMOF REO in the caption as a Defendant in this action.  The Magistrate Judge previously dismissed RMOF REO in its Order denying Plaintiffs' Motion to File an Amended Complaint.  (Doc. No. 18.)  Plaintiffs did not object to the Magistrate Judge's Order on this ground and therefore the Court determines that the Magistrate Judge properly dismissed RMOF REO from this action.

judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil

Procedure under the same standard as a motion brought under Rule 12(b)(6).  See

Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

       In deciding a motion to dismiss for failure to state a claim pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in

the complaint as true and grant all reasonable inferences in favor of the plaintiff.  Crooks

v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009).  Although a complaint is not required to

contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

(quoting Twombly, 550 U.S. at 570).

       "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  A court may consider the

complaint, matters of public record, orders, materials embraced by the complaint, and

exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).

Porous Media, 186 F.3d at 1079.

       Plaintiffs allege that Selene Finance failed to respond to their QWR for

information in violation of RESPA.  Selene Finance contends that Plaintiffs have failed to

state a claim under RESPA because they do not allege any actual damages.  RESPA

requires that when "a servicer of a federally related mortgage loan receives a [QWR] from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).

     In Hintz v. JPMorgan Chase Bank, N.A., the plaintiffs alleged that the defendant had failed to respond to two QWRs in violation of RESPA.  686 F.3d 505, 508 (8th Cir. 2012).  The defendant moved to dismiss the plaintiffs' RESPA claim, arguing that they had failed to allege how they had suffered any actual damage.  Id. at 510.  Plaintiffs' complaint only included an allegation that defendant's failure to respond to the QWRs caused them to suffer damages "in an approximate amount in excess of Fifty Thousand Dollars ($50,000)."  Id. at 511 (citation omitted).  The plaintiffs argued that they could cure the defects in the complaint by amending it to attach the letters they claimed to be QWRs "because the letters w[ould] show that the requests relate[d] to the servicing of the loan."  Id. at 511.

     The Eighth Circuit stated that "RESPA limits an individual's damages for violations of QWR requirements to 'actual damages' and, 'in the case of a pattern or practice of noncompliance,' to $1,000 in statutory damages."  Id. (citing 12 U.S.C. § 2605(f)(1)).  In analyzing the plaintiffs' complaint, the Eighth Circuit held that any amendment would be futile because the plaintiffs could not show "any actual damage they suffered from [defendant's] failure to respond to their written requests."  Id.; accord Dietz v. Beneficial Loan and Thrift Co., No. 10-cv-3752, 2011 WL 2412738, at *5 (D.

Minn. June 10, 2011) (dismissing a complaint alleging a RESPA violation for failure to respond to a QWR because the complaint "fail[ed] to state facts that would show any damages to [p]laintiffs was attributable to [d]efendants' lack of response."); see also Eronini v. JP Morgan Chase Bank NA, 368 F. App'x 841, 842 (9th Cir. 2010) ("The district court properly dismissed the action because [plaintiff] suffered no damages as a result of the alleged RESPA violation."); Solan v. Everhome Mortg. Co., No. 10–cv–2280, 2011 WL 456013, at *3 (S.D. Cal. Feb. 3, 2011) ("This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond [to a QWR] . . . has caused them actual harm.").

As in Hintz, the Plaintiffs cannot show any actual damages for Selene Finance's alleged failure to respond to their QWR.  The Plaintiffs' Amended Complaint contains only one cause of action—a violation of RESPA.  (Am. Compl. ¶¶ 21–24.)  The Plaintiffs' Amended Complaint does not list any actual damages, but rather, merely states that "Plaintiff [sic] seek monetary damages to be awarded to Plaintiffs in an amount to be determined by the Court."  (Id. ¶ 24.)  Despite the fact that Plaintiffs have amended their complaint multiple times, they have failed to allege any actual damages.

Plaintiffs also do not allege that Selene Finance had a pattern or practice of noncompliance for responding to QWRs.  Plaintiffs have not alleged any facts to show that Selene Finance's failure to respond to the purported QWR caused them harm.  Nothing in the Amended Complaint suggests that Plaintiffs needed any of the information requested in the purported QWR in order to make payments on the property.  Moreover, any allegation of actual damages by Plaintiffs would be entirely speculative because

12

Plaintiffs have not demonstrated what they would have done differently had they received a response to the QWR.  As such, even if Plaintiffs were to attempt again to amend their complaint, the amendment would be futile because Plaintiffs fail to state how the alleged RESPA violations caused them actual damages.  Accordingly, the Court grants Selene Finance's Motion for Judgment on the Pleadings.[3]

## III.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.      Plaintiffs' Objection to the Magistrate Judge's Order Denying their Motion to Amend the Complaint as to Wells Fargo (Doc. No. 21) is **OVERRULED**.

2.      The Magistrate Judge's Order denying  Plaintiffs Motion to Amend the

---

[3]       Selene Finance alternatively moves for Summary Judgment.  (Doc. No. 29.) Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Plaintiffs failed to timely respond to Defendant's Motion.  See D. Minn. LR 7.1 (c)(2) (requiring a party opposing a dispositive motion to file responsive pleadings within 21 days after a dispositive motion is filed); see also Fed. R. Civ. P. 56(e)(3) (stating that if a party fails to properly address another party's assertion of fact on a motion for summary judgment, the court may grant the motion if supporting materials show the movant is entitled to it).  Even if the Court were to consider Plaintiffs' untimely opposition memorandum, the Plaintiffs did not attach an affidavit—or cite any evidence at all—to show that they sustained actual damages for Defendant's alleged failure to respond to the purported QWR.  Radford v. JPMorgan Chase Bank, N.A., No. 10-cv-2942, 2012 WL 3835847, at *8 (D. Minn. June 7, 2012) (granting summary judgment because the plaintiffs failed to submit any evidence that they suffered some actual damage because of the RESPA violation); see also Ricotta v. Ocwen Loan Servicing, LLC, No. 06–cv–01502, 2008 WL 516674, at *5 (D. Colo. Feb. 22, 2008) (same).  Accordingly, Selene Finance would also be entitled to summary judgment on Plaintiffs' RESPA claim.

Complaint as to Wells Fargo (Doc. No. 18) is **AFFIRMED**.

3.      Defendants' Motion for Judgment on the Pleadings (Doc. No. 29) is

**GRANTED**.

4.      Defendants' Alternative Motion for Summary Judgment (Doc. No. 29) is

**MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: January 3, 2013                    s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge